UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STAN STUART,

                            Plaintiff,                                  **MEMORANDUM & ORDER**

-against-                                                               17-CV-6831 (DRH)(AKT)

COUNTY OF NASSAU, a Municipal
Corporation, JOSEPH JABLONSKY,
Individually and as former Nassau County
Sheriff, Michael J. Sposato, as the Current
Nassau County Sheriff, and John and Jane
Doe, Nos. 1-100,
                            Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
Stan Stuart, Pro Se
2733 Ocean Avenue
Seaford, New York 11783

**For Defendants:**
Jared A. Kasschau
Nassau County Attorney
One West Street
Mineola, New York 11501
By: Liora M. Ben-Sorek, Deputy County Attorney

**HURLEY, Senior District Judge:**

Plaintiff Stan Stuart ("Plaintiff") commenced this action against Defendants

County of Nassau ("Nassau" or "County"), Joseph Jablonsky ("Jablonsky") and

Michael J. Sposato ("Sposato) (collectively "Defendants") "pursuant to the United

States Constitution; the Civil Rights Act of 1871; 42 U.S.C. § 1983; and the New

York State Constitution and laws, in connection with the '*Nassau County Strip*

*Search Cases.*'" (Complaint ¶ 1.)[1] Presently before the Court is Defendants' motion

for judgment on the pleadings as to plaintiff's claims. More specifically, Defendants

seek judgment on the pleadings on all but the claim pursuant to New York State

Constitution Article I, § 12. Alternatively, the Defendants argue that as the § 1983

claim should be dismissed, the Court should decline to exercise supplemental

jurisdiction over the state law claims. For the reasons set forth below, the motion is

granted to the extent that the §1983 claim is dismissed and the Court declines to

exercise jurisdiction over the state law claim and dismisses it without prejudice.

## BACKGROUND

### I.      Allegations in the Complaint

According to the complaint, Plaintiff was strip searched at the Nassau

County Correctional Center on May 1, 1997. (Complaint ¶ 4.) In 1995 and 1997

Plaintiff was charged by the Town of Hempstead Bay constable with various non-

felony violation of the Hempstead Town Code in connection with the operation of his

marina. (*Id.* ¶¶ 26-32.)  On May 1, 1997, he appeared in Nassau County District

Court in connection with the charges. Plaintiff advised the prosecutor that he

needed an adjournment because his mother was on her death bed in Florida and he

needed to be with her. "Counsel for the prosecution and defense [had earlier] agreed

to a proposed stipulation for settlement, whereby [Plaintiff] would pay

approximately $10,000 to various entities including the Town of Hempstead to

resolve the charges. [Plaintiff] was supposed to bring $5,000 to court on May 1." (*Id.*

---

[1] *In re Nassau County Strip Search Cases*, 99-CV-2844 (E.D.N.Y.)

¶ 37.) However, he was only able to gather $2,000, which he brought to court that day. The prosecutor did not agree to an adjournment to allow Plaintiff "to gather the remaining funds, or be with his dying mother . . . .; and stated that anything other than the stipulation we agreed upon is completely unacceptable . . . ." ((*Id*. ¶¶ 38-39.) The prosecutor urged the presiding judge to set bail and requested that the cases be set for trial. The judge set a bail of $5,000 on each case, totaling $15,000. (*Id*. ¶¶ 42-43.) Unable to make bail, Plaintiff was taken into custody and admitted to the Nassau County jail where he was strip searched. On May 3, 1997, Plaintiff was released on bail; he mother died that same day. (*Id*. ¶¶ 44-54.)

"During the strip search [Plaintiff] felt vulnerable, violated, dehumanized, embarrassed, anxious, and terrorized. He did not feel safe and was unsure whether he would be sexually abused." (*Id*. ¶ 56.) "After the strip search [Plaintiff] felt dirty, vulnerable and anxious that he might he strip searched again or violated during his incarceration." The strip search "drudged up for [Plaintiff, who is Jewish] the horrific memories of what the Nazis did to his family during World War II" and his. suffering from the strip search was enhanced by the fact that, at the very same time, his mother was dying." The invasive and traumatic strip search caused Mr. Stuart to suffer from depression, feelings of isolation, and withdrawal. These feelings affected his work, leading to the loss of his marina business (*Id*. at ¶¶ 59-70.)

Based on the foregoing. Plaintiff asserts a § 1983 claim, together with one claim alleging violations of his rights under the New York State Constitution, Article I, §§ 5, 6, and 12.

## II.     The Nassau County Strip Search Class Action

As this action is related to the *In re Nassau County Strip Search Cases* (the

"Strip Search Class Action") and Plaintiff is member of the class certified in that

case, a recitation of the relevant particulars of that action is in order.

The plaintiffs in the Strip Search Class Action had been arrested on

misdemeanor charges, unrelated to weapons or drugs and were thereafter strip

searched without individualized suspicion, at the Nassau County Correctional

Center ("NCCC") in accordance with a "blanket policy" in effect at NCCC prior to

1999. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 222 (2d Cir. 2006).

The Strip Search Class Action involved claims against defendants (1) pursuant to

Section 1983 for violations of the class' rights under Fourth, Fifth, Eighth and

Fourteenth Amendments of the United States Constitution and (2) for violation of

the class' rights under Article I, Section 12 of the New York State Constitution. *Id.*

Defendants conceded liability and a judgment of liability was eventually entered in

favor of the class. *Id.* at 224.

By Memorandum & Order dated March 27, 2008, the Court found that the

issue of general damages due to the asserted injury to human dignity predominated

and concluded that there was "no reason [to believe] that a jury . . . could not

determine an amount of general damages awardable to each member of the class."

*In re Nassau County Strip Search Cases,* 2008 WL 850268, at ** 3-7 (E.D.N.Y. Mar.

27, 2008) The parties waived the right to a jury trial and submitted the issue of a

general damages determination to the Court. After an eleven-day bench trial, the

Court awarded general damages in the amount of $500.00 per strip search. *In re Nassau County Strip Search Cases*, 2010 WL 3781563 (E.D.N.Y. Sept. 22, 2010).

By Memorandum & Order dated October 19, 2011, the Court held that it would not extend class certification to permit plaintiffs to pursue a class-wide award for "garden-variety" emotional distress damages and concluded that emotional distress damages beyond those which are inseparable from the injury to human dignity may be awarded only on an individual, case-by-case basis. *In re Nassau County Strip Search Cases*, 819 F. Supp. 2d 153 (E.D.N.Y. 2011).

Thereafter, as a result of the Supreme Court's decision in *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 566 U.S. 318 (2012), the Court granted Defendants' motion to vacate that portion of the January 16, 2007 Order granting summary judgment to plaintiff class as to liability on the federally-based constitutional claim under Section 1983; the Court held, however, that the claim brought pursuant to New York State Constitution Article I, Section 12 was unaffected by *Florence. See In re Nassau County Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013), *aff'd*, 639 F. App'x 746 (2d Cir. 2016). A final judgment was then issued on April 10, 2014, against the defendants and in favor of the plaintiff class on the state constitutional claim awarding each member of the class $500.00 per strip search in general damages for a total aggregate award of $11,508,000.00. *In re Nassau County Strip Search Cases*, 99-CV- 2844 (E.D.N.Y.) Apr. 10, 2014 Final Judgment (DE 465) at 2.

In the April 2014 judgment the Court imposed an equitable toll of the statute of limitations of 180-days from the date of the judgment or, in the event of an

appeal, from the issuance of a mandate, for class members to file a lawsuit for

damages beyond that awarded in the judgment for  damage to human dignity. *Id.*

On June 16, 2016, the Second Circuit Court of Appeals issued its mandate affirming

the judgment. *In re Nassau County Strip Search Cases*, 639 F. App'x 746 (2d Cir.

2016). It should also be noted that because the certified class encompassed

individuals strip searched from May 20, 1996 until and including June 1, 1999, the

Court has held that the December 20, 2016 expiration date for filing a lawsuit for

damages beyond the $500 awarded by the Court is applicable only to individuals

who were strip searched anytime from May 20, 1996 to November 16, 1996. *See In*

*re Nassau County Strip Search Cases,* 2016 WL 4098597 at * 4 (E.D.N.Y. July 28,

2016). Thus, class members who were strip searched between November 17, 1996

and June 1, 1999 had additional time to commence an action to recover damages

based on Article I, Section 12 of the New York State Constitution beyond that

awarded in the judgment. *See id.* The Claims Notices approved by the Court for

transmission to class members informed that should they wish to file their own

lawsuit for emotional distress, financial loss, or other items of damages related to

their strip search they were free to so do  and explained the tolling as follows:

> The time limits for filing a lawsuit for additional damages are
> based on the three-year statute of limitations applicable to these
> claims. The Court placed a hold (i.e. stoppage on the running of the
> three year statute of limitations) on May 20, 1999. That hold continues
> to be in effect until 180 days after June 16, 2016, so that you will have
> until at least December 13, 2016 to file an individual lawsuit for
> additional damages. This means the amount of time you have to file a
> separate lawsuit depends upon the date you were stripped search. For
> example, if you were strip searched anytime from May 20, 1996 until
> November 16, 1996, you have until December 13, 2016 to file a
> separate individual lawsuit for additional damages. For example, if

you were strip searched on June 1, 1997, you would have one year after
December 13, 2016 to file your individual lawsuit for additional
damages. If you were strip searched on June 1, 1998, you would have
two years after December 13, 2016 to file your individual lawsuit for
additional damages. If you were strip searched on June 1, 1999, you
have the entire three-year statute of limitations period to file a
separate lawsuit. If you have a question about additional damages or
the amount of time you have to file a separate you should contact an
attorney.

*Id.* [2]

## DISCUSSION

### I.      Applicable Standard - Judgment on the Pleadings

The standard for evaluating a motion for judgment on the pleadings,

pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under

Rule 12(b)(6). *See Karedes v. Ackerley Group, Inc.,* 423 F.3d 107, 113 (2d Cir. 2005).

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility

standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007);

*accord Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court

must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;"

thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Harris*, 572

F.3d at 72. Second, only complaints that state a "plausible claim for relief" can

survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining

---

[2]  Based on the tolling set forth above, the statute of limitations on Plaintiff's New
York State Constitution Article I, Section 12 claim for special damages arising out
his May 1, 1997 strip search was extended until November 24, 2017.

whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord Harris*, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## II.    The 1983 Claim is Dismissed

As a member of the class certified in this action, Plaintiff is bound by the decisions rendered herein. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). As noted earlier, in July 2013, the Court vacated that portion of the January 16, 2007 Order granting summary judgment to the plaintiff class as to liability on the federally-based constitutional claim under Section 1983 in view of the Supreme Court's decision in *Florence. See In re Nassau County Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013), *aff'd*, 639 F. App'x 746 (2d Cir. 2016). Plaintiff is bound by that determination and accordingly his §1983 claim is dismissed. *See Lopez v. Nassau County Sheriff's Depart.*, 2020 WL 7078535, at *4

(E.D.N.Y., 2020) (dismissing § 1983 claim of another Strip Search class member on the same ground).

### III.    The Court Declines to Exercise Supplemental Jurisdiction

Federal district courts have supplemental jurisdiction over non-federal-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, a district court may, at its discretion, decline to exercise supplemental jurisdiction over a state-law claim when: "[i] the claim raises a novel or complex issue of State law, [ii] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [iii] the district court has dismissed all claims over which it has original jurisdiction, or [iv] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, district courts must balance the "values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.' " *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Here, given the Court's dismissal of Plaintiff's §1983 claim, no circumstances counsel in favor of exercising supplemental jurisdiction over Plaintiff's remaining state-law claim under the New York State Constitution for special damages arising out of his May 1, 1997 strip search. Although this case is related to the *Nassau County Strip Search Cases* in

the sense that that action determined Nassau's liability under the Article I Section 12 of the New York State Constitution, what is remains to be determined in this case is simply whether Plaintiff can prove that he is entitled to recover special damages from Nassau County based on that state law claim. In that sense, this case is not dependent on the *Nassau County Strip Search C*ases. The current action is in its infancy and no discovery has been had. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim under New York Constitution Art. I §§ 5, 6, and 12 and dismisses it without prejudice.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion for judgment on the pleadings on Plaintiff's § 1983 claim and dismisses that claim with prejudice, declines to exercise supplemental jurisdiction over Plaintiff's state law claim and dismisses the state law claim without prejudice to refiling in state court. The Clerk of Court is directed to serve a copy of this Order on Plaintiff, to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
     April 5, 2021                    Denis R. Hurley
                                  United States District Judge